**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MARCOS VINICIUS DE SOUZA BRAGANCA** | **CIVIL ACTION NO. 25-1845** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **HERIBERTO TELLEZ, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Petitioner Marcos Vinicius De Souza Braganca, a detainee in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement who petitions for a writ of habeas corpus under 28 U.S.C. § 2241, moves for default judgment.[1] [doc. # 14]. For reasons below, the Court should deny this motion.

**Background**

Petitioner filed this proceeding on November 21, 2025. [doc. # 1]. On January 20, 2026, the Court ordered Respondents to file a response to the Petition within 14 days following the date of service. [doc. # 8]. On January 22, 2026, the Clerk of Court issued summonses. [doc. # 9]. On February 3, 2026, Respondents moved for an extension of time in which to file an answer. [doc. # 10]. On February 4, 2026, the Court denied Respondents' motion as moot. [doc. # 12].

Petitioner filed the instant motion on February 27, 2026. [doc. # 14]. On February 27, 2026, the Clerk of Court entered default. [doc. # 15]. On March 20, 2026, Respondents moved for an extension of time in which to respond. [doc. # 17]. On March 23, 2026, Respondents

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

filed an opposition to the instant motion.  [doc. # 18].  On March 24, 2026, Respondents filed a response to Petitioner's Petition.  [doc. # 19].  On March 25, 2026, the undersigned granted Respondents' motion for an extension of time and deemed Respondents' March 23, 2026 response timely.  [doc. # 21].

Petitioner did not file a reply to Respondents' opposition to his motion.

### Law and Analysis

Federal Rule of Civil Procedure 55 authorizes district courts to enter a default judgment against a defendant who fails to respond to an action.  *Doe v. d'Arros*, Civ. Action No. 21-0430, 2024 WL 217849, at *9 (W.D. La. Jan. 19, 2024) (citing FED. R. CIV. P. 55(A)-(B)). The process for default is comprised of two-steps: an entry of default by the Clerk of Court, and then, after the passage of at least fourteen days, consideration of a default judgment.  *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 Fed. App'x. 927, 929 (5th Cir. 2010); L.R. 55.1.  Nonetheless, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted).

"Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits."  *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001).  An "extreme situation" is required to warrant default judgment.  *Gaff v. MSNI Advantage, L.P.*, No. 21-11079, 2022 WL 16757074, at *2 (5th Cir. Nov. 8, 2022).

Under Federal Rule of Civil Procedure 6(b), the trial court has broad discretion to accept late-filed answers "where the failure to act was the result of excusable neglect."  FED. R. CIV. P. 6(b).  "The rule's requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension."  *Mandawala v. Struga Mgmt.*, No. 21-50644, 2023 WL 2712500, at *3 (5th Cir. Mar. 30, 2023).

Here, Respondents did not default.  As above, the undersigned previously deemed their response timely, implicitly finding excusable neglect for any tardiness because Respondents have not been unresponsive.[2]  *See generally Gaff*, 2022 WL at *2 (finding that default was not warranted because, in part, the defendants "were not unresponsive[.]").  This "reasoning is perfectly sound and is consistent with the broad latitude district courts have to control their dockets." *Id.*

Even assuming Respondents did default, the Court should still set aside entry of default and deny the instant motion.  First, "Default judgments are not appropriate in habeas corpus cases." *Lemons v. Collins*, 992 F.2d 326 (5th Cir. 1993).  "A habeas petitioner is not entitled to release because of the state's tardiness in responding to the petition." *Id.*

Second, Respondents' default does not appear willful, setting aside the entry of default poses little prejudice to Petitioner, and Respondents have at least some meritorious defenses. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ("To determine whether good cause to set aside a default exists . . . we have found it useful to consider three factors . . . : whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.").

Respondents state: "default was not willful but instead resulted from an internal oversight. Further, any additional delay has unfortunately been the result of an ever increasing immigration docket, with this quarter of 2026 on track to record the largest number of habeas

---

[2] As above, as early as February 3, 2026, Respondents moved for an extension of time to answer. [doc. # 10].  Moreover, the United States Attorney General was not served until March 13, 2026, which was after Petitioner moved for default judgment and after the Clerk of Court entered default.  [doc. # 19]; *see* FED. R. CIV. P. 4(i)(1)(B) ("To serve the United States, a party must: . . . (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.").

petitions filed thus far." [doc. # 18]. Petitioner does not oppose Respondents' contention. In addition, the Court is all-too-aware of the amount of immigration-related habeas petitions filed recently.

As to prejudice, the Fifth Circuit has stated: "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained . . . without a trial and by default. All that . . . has [been] done is to give the defendants their day in court.'" *Lacy*, 227 F.3d at 293. Here, the Court should decide this proceeding on its merits. While Petitioner has endured delay in obtaining resolution of this proceeding, it is premature at this stage to conclude that any portion of his detention is or was due to Respondents' dilatoriness rather than to the Government's decision to detain him and continue his detention. Further, Petitioner does not highlight any prejudice at all.

Finally, Respondents have at least some meritorious defenses. That is not to say that they will prevail on any defense; rather, some defenses have arguable merit. For instance, as Respondents state, "The Fifth Circuit Court of Appeals recently held that aliens, like the Petitioner, who entered the United States illegally and who are not 'clearly and beyond a doubt entitled to be admitted,' 'shall be detained' under 8 U.S.C. § 1225(b)(2)(A), until the conclusion of their removal proceedings." [doc. # 18, p. 4]; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Thus, there is good cause to set aside the entry of default. *See Alston v. Prairie Farms Dairy, Inc.*, No. 21-60465, 2022 WL 1114411, at *1 (5th Cir. Apr. 14, 2022) ("[T]he district court did not abuse its discretion when it found that good cause existed to set aside the default based on the prompt action and explanation provided by Prairie Farms and the lack of evidence that the default was willful.").

## Conclusion

For reasons stated above, **IT IS RECOMMENDED** that Petitioner Marcos Vinicius De Souza Braganca's motion, [doc. # 14], be **DENIED** and that the Court **SET ASIDE** the Clerk of Court's entry of default.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of April, 2026.

Kayla Dye McClusky
Kayla Dye McClusky
United States Magistrate Judge