UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MARCOS VINICIUS DE SOUZA
BRAGANCA

CASE NO.  3:25-CV-01845 SEC P

VERSUS

JUDGE TERRY A. DOUGHTY

HERIBERTO TELLEZ ET AL

MAG. JUDGE KAYLA D.
MCCLUSKY

**MEMORANDUM RULING**

Before the Court is a Report and Recommendation [Doc. No. 23] issued by the Magistrate Judge, recommending the Court grant the Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1] filed by Petitioner, Marcos Vinicius De Souza Braganca ("Petitioner"). Respondents filed objections to the Report and Recommendation [Doc. No. 25], and Petitioner filed a response [Doc. No. 26] in support of the Report and Recommendation.

## I.    Background

Petitioner is a native and citizen of Brazil who entered the United States illegally without inspection in May 2023 at or near Lukeville, Arizona.[1] The Department of Homeland Security ("DHS") initiated removal proceedings within a day of Petitioner's entry, and charged him with inadmissibility for being present in the United States without admission or parole.[2] U.S. Immigration and Customs Enforcement ("ICE") released Petitioner under his own recognizance.[3] DHS

---

[1] [Doc. No. 20, p. 6].
[2] [Id.].
[3] [Doc. No. 1, ¶ 82].

subsequently granted Petitioner's application for Special Immigrant Juvenile Status ("SIJS") on May 1, 2024, with deferred action until May 1, 2028.[4] An Immigration Judge terminated the removal proceeding without prejudice on May 28, 2024, because Petitioner had "an approved I-360 and seeks termination to seek adjustment of status before U.S. Citizenship and Immigration Services ("USCIS")."[5] Petitioner also received his Work Authorization and Social Security Card.[6]

ICE re-arrested Petitioner on September 24, 2025, "despite being aware of the Petitioner's SIJS and deferred action status."[7] Petitioner is "charged with, *inter alia,* having entered the United States without inspection or parole. 8 U.S.C. § 1182(a)(6)(A)(i)."[8] On November 4, 2025, DHS issued Petitioner a second Notice to Appear, alleging that "Petitioner entered the United States at or near an unknown place, that he was not then admitted or paroled after inspection, and that he is an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document."[9] Petitioner has no pre-existing order of removal.[10] There is no information in the record that Petitioner's deferred action has been terminated early.[11] Following his re-arrest, Petitioner was placed into immigration detention at the Jackson Parish Correctional Center in Jonesboro, Louisiana, where he remains detained.[12]

---

[4] [Doc. No. 20, p. 6].
[5] [Id.]; [Doc. No, 1-2, p. 18]; [Doc. No. 23, p. 2–3].
[6] [Doc. No. 23, p. 2].
[7] [Id. at p. 3].
[8] [Id.]; [Doc. No. 1, ¶ 11].
[9] [Doc. No. 23, p. 3].
[10] [Doc. No. 1, ¶ 10].
[11] [Id. at p. 2].
[12] [Id. at p. 8].

On April 8, 2026, the Magistrate Judge issued the Report and Recommendation, suggesting that Petitioner be released on Fifth Amendment Due Process grounds.[13] Respondents objected to that conclusion.[14] Petitioner filed a response to Respondents' objections and argued that the Magistrate Judge's recommendation was sound and correct.[15]

The parties have thoroughly briefed the issues, and the matter is ripe for ruling.

## II.    Law and Analysis

### A.    Standard of Review

"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "It is well established" that these protections also apply to aliens. *See Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

Congress authorizes district courts to grant "writs of habeas corpus . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To issue the writ, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

---

[13] [Doc. No. 23, p. 17].
[14] [Doc. No. 25-1].
[15] [Doc. No. 26].

A court considering a habeas petition must "determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### B.    Discussion

Petitioner, through his Habeas Petition, seeks immediate release from confinement or a bond hearing.[16] Petitioner essentially argues that due to his SIJS and deferred action status, both of which remain valid until May 1, 2028, and have not been revoked or terminated, he cannot be lawfully detained or removed.[17] Respondents rely on the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), to argue that "Petitioner's habeas petition must be denied because he falls under the plain language of the mandatory detention provisions in 8 U.S.C.§ 1225(b)(2)."[18]

The Court agrees with Petitioner. Petitioner was granted SIJS and deferred action status on May 1, 2024, which states that his deferred action status remains valid until May 1, 2028.[19] Respondents argue that "Petitioner's grant of SIJS was not an admission and did not alter the legal effect of Petitioner's unlawful entry into the U.S."[20] Further, Respondents argue that "neither SIJ classification, nor deferred action grant lawful immigration status."[21] However, Respondents fail to cite any authority that allows for the detention and removal of a petitioner while their deferred action status remains in effect.

---

[16] [Doc. No. 1, p. 34].
[17] [Id. at p. 28].
[18] [Doc. No 20, p. 8].
[19] [Id. at p. 6].
[20] [Id. at p. 10].
[21] [Doc. No. 25-1, p. 8].

Here, the SIJS is not what prevents the removability of the Petitioner. Rather, it is his deferred action status that remains in effect until May 1, 2028. USCIS's most recent policy, despite other changes, states that "aliens with current deferred action based on their SIJ classification will generally retain this deferred action, as well as retain their current employment authorization provided based on this deferred action, until current validity periods expire." USCIS, *Policy Alert PA-2026-04* (April 10, 2026)[22]; *see also Primero v. Mattivelo*, No. 25-CV-11442, 2025 WL 1899115, at *5 (D. Mass. July 9, 2025). In *Primero*, the petitioner was brought to the United States by his father as a minor in 2018. *Id.* at *2. He was arrested alongside his father and issued, *in abstentia*, a final order of removal in 2021, but then, in September of 2022, he was granted deferred action status that was valid for four years, unless terminated earlier by USCIS. *Id.* The *Primero* court determined that petitioner's valid grant of deferred action precluded his removal. *Id.* at *4 ("Respondents do not suggest that ICE routinely removes individuals with active grants of deferred action from the United States[.]").

Similarly, in *Guerra Leon v. Noem*, the petitioner came to the United States from Guatemala when he was 10 years old, after allegedly suffering abandonment and neglect at the hands of his father. *Guerra Leon v. Noem*, No. 25-CV-1495, 2025 WL 4113562, at *1 (W.D. La. Oct. 30, 2025). USCIS granted the petitioner's application for SIJS and concurrently granted him deferred action and employment authorization, which was valid until December 9, 2026. *Id.* ICE arrested the

---

[22]https://www.uscis.gov/sites/default/files/document/memos/PM-602-0198-SIJDeferredAction-20260410.pdf

petitioner on August 9, 2025, despite his valid deferred action status, which had not been terminated. *Id.* This Court held in *Guerra Leon*:

> Petitioner may still be subject to removal in the future if his deferred action status is terminated before its expiration or if it expires and is not renewed. Respondents, however, have not terminated or sought to terminate Petitioner's deferred action status. This makes Petitioner non-removable while his deferred action status remains in effect.

*Id.* at *3

The present case has the same factual scenario as *Primero* and *Guerra Leon*. Just as in those cases, Petitioner holds a valid grant of deferred action status, which USCIS did not terminate early and, therefore, remains effective until May 1, 2028.[23] Accordingly, due to this deferred action status, Petitioner is not subject to removal. Petitioner may still be subject to detention and removal at some future date if his deferred action status is terminated or expires. *Benitez-Umanzor v. Jackson Par. Corr. Ctr.*, No. 26-CV-940, 2026 WL 838006, at *3 (W.D. La. Mar. 26, 2026). This Court holds that without explicitly terminating Petitioner's deferred action status, Petitioner cannot be removed.

### III.   Conclusion

For these reasons, the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge [Doc. No. 23]. But for the above reasons,

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED** that Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**. Respondents, including the

---

[23] [Doc. No. 20, p. 6].

Warden of Jackson Parish Correctional Center, must release Petitioner from custody as soon as reasonably possible. Respondents must notify Petitioner's counsel of the exact location and time of his release no less than two hours before his release. Respondents **must notify the Court of Petitioner's release within 24 hours of Petitioner's release** via the following email: doughty_motions@lawd.uscourts.gov.

MONROE, LOUISIANA, this 3rd day of June 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE